1

2

3

4

5

6               UNITED STATES DISTRICT COURT

7             FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    DARREN GILBERT,                          Case No.  1:21-cv-01338-AWI-HBK

10              Plaintiff,                     FINDINGS AND RECOMMENDATIONS TO
                                               GRANT PLAINTIFF'S MOTION FOR
11        v.                                   DEFAULT JUDGMENT[1]

12   PARAMJIT SINGH, individually and          OBJECTIONS DUE IN FOURTEEN DAYS
     doing business as Super Mac Food & Gas
13   #2 and ROBBY SINGH, individually          (Doc. No. 12)
     doing business as Super Mac Food & Gas
14   #2

15              Defendants.

16

17

18          Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to Fed.

19   R. Civ. P. 55(b) on April 22, 2022.  (Doc. No. 12, Motion).  Defendants have not answered nor

20   responded to the complaint.  Nor have Defendants filed any opposition or taken any actions in

21   this case.  The Court found the Motion suitable for disposition without oral argument under Civil

22   Local Rule 230(g) and vacated the hearing scheduled for June 8, 2022.  (Doc. No. 13).  For the

23   reasons set forth below, the undersigned recommends the district court grant Plaintiff's Motion.

24                              I.  BACKGROUND

25          On September 3, 2021, Plaintiff Darren Gilbert commenced this action by filing a

26   complaint against Defendants Paramjit Singh and Robby Singh, individually and doing business

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1   as Super Mac Food & Gas #2 (collectively referred to as "Defendants") alleging violations of

2   Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the

3   California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§

4   19955, 19959.  (Doc. No. 1, "Complaint").  Plaintiff seeks an award of statutory damages, costs

5   of suit, attorney's fees, litigation expenses, injunctive or preventative relief, and interest at the

6   legal rate from the date of filling of the complaint.  (*Id.* at 8).

7          The Complaint sets forth the following facts in support of Plaintiff's claims.  Plaintiff is a

8   person with physical disabilities and is "substantially limited in his ability to walk," requiring the

9   use of a wheelchair or prosthetic.  (*Id* at 2, ¶8).  Defendants are the alleged owners or operators of

10  Super Mac Food & Gas #2 (hereinafter referred to as "the Facility") which is located at 150 N.

11  Riverside Drive, Modesto, CA.  (*Id*. at 1, ¶1 and 2, ¶7).  The Facility is open to the public and

12  intended for non-residential use and affects commerce.  (*Id*., at 2, ¶9).  On June 18, 2021, Plaintiff

13  visited the Facility, which is located less than 10 miles from his home, but "barriers" prevented

14  him from accessing their "goods, services, privileges and accommodations."  (*Id.* at 2-3, ¶10).

15  Specifically, Plaintiff had difficulty finding accessible parking because it "lacked proper

16  pavement markings and signage," and the route of travel from the designated accessible parking

17  stall to the entrance of the Facility had a "rough and uneven surface and contained an improperly

18  configured built-up ramp" and "excessive slopes" making it difficult for Plaintiff to navigate.  (*Id*.

19  at 3, ¶10(a)-(b)).  Plaintiff was deterred from visiting the Facility but states he will return once the

20  barriers are removed.  (*Id*. ¶12).

21         Plaintiff filed a Proof of Service of Summons as to Defendant Paramjit Singh on October

22  8, 2021.  (Doc. No. 5).  Plaintiff filed a Proof of Service of Summons as to Defendant Robby

23  Singh on October 12, 2021.  (Doc. No. 4).  Neither Defendant appeared nor answered.  *See*

24  docket.  On November 3, 2021, Plaintiff requested the Clerk of Court enter a Rule 55(a) clerk's

25  default against Defendants Paramjit Singh and Robby Singh.  (Doc. No. 6).  The Clerk of Court

26  entered the default on November 4, 2021.  (Doc. No. 7).[2]  On April 22, 2022, Plaintiff filed this

27

28  ---
    [2] On March 17, 2022, Plaintiff filed a second request for entry of default, which the Clerk denied
    due to a Clerk's entry of default having been previously issued.  (Doc. Nos. 10, 11).

Motion seeking a default judgment as to all defendants.  (Doc. No. 12).  Further, upon order from the Court, Plaintiff filed a corrected inventory of time in support of the request for attorney's fees which depicts counsel and paralegal work for the instant action.  (Doc. Nos. 14, 15).

## II.  ANALYSIS

### A.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the Clerk of Court's entry of default under 55(a).  The court cannot enter default judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  If the court determines service was proper, the court is bound to undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment.  Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue decisions on the merits.  (*Id*).

After the clerk enters a default, the court shall accept "as true all factual allegations in the complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x. 868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1 (E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements that constitute conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### B.    The <u>*Eitel* Factors</u>

#### 1.  <u>Defendants Were Properly Served with Process</u>

Defendants were properly served, and the Clerk of Court rightfully entered defaults against defendants.  (Doc. Nos. 4, 5, 7).  Service is effectuated under Federal Rule of Civil Procedure 4(e) by "following state law for serving a summons . . . in the state where the district

1   court is located or where service is made," or by "delivering a copy of [the summons and

2   complaint] to an agent authorized by appointment or by law to receive service of process."

3   California law permits service of the summons and complaint by personal service or by leaving

4   them with a "competent member of the household or a person apparently in charge of his or her

5   office [or] place of business," among other methods.  Cal. Code Civ. P. § 415.10-20.  All methods

6   require that the service be handled by an individual who is not a party to the action.  (*Id.*).

7              a.  Paramjit Singh

8        The record reflects a registered process server personally served a person apparently in

9   charge of Defendant Paramjit Singh's place of business at the Facility on September 24, 2021, at

10   12:30 p.m.  (Doc. No. 5).  The person apparently in charge of the Facility refused to give his

11   name but was described as a fifty (50) year-old John Doe.  (*Id.*).  On September 28, 2021, a

12   registered process server also mailed, via first-class mail, a copy of the complaint and summons

13   to Defendant Paramjit Singh using the address for the Facility.  (*Id.*).  California law permits

14   service by leaving a copy of the summon and complaint with a person of at least 18 years of age

15   at a defendant's office during usual office hours, and after leaving a copy of the summons and

16   complaint, the complaint and summons must be mailed, via first-class mail, to the defendant at

17   his or her place of business.  See Cal. Civ. Proc. Code §§415.10, 415.20(b).  Therefore, because

18   service on Defendant Paramjit Singh complies with California law and the proof of service was

19   filed, Defendant Paramjit Singh was properly served consistent with Fed. R. Civ. P. 4.

20              b.  Defendant Robby Singh

21        The record reflects a registered process server personally served a co-occupant of

22   Defendant Robby Singh's home on September 24, 2021.  (Doc. No. 4).  The co-occupant refused

23   to give her name but was described as a fifty (50) year-old Jane Doe.  (*Id.*).  On the same day, the

24   registered process server also mailed, via first-class mail, a copy of the complaint and summons

25   to Defendant Robby Singh at his home.  (*Id.*).  California permits service by serving a co-

26   occupant of a home who is over the age of 18 and then mailing it to the defendant at his or her

27   home.  *See* Cal. Civ. Proc. Code §§ 415.10, 415.20(b); *see also Trujillo*, 2022 WL 2236932;

28   *Block*, 2022 U.S. Dist. LEXIS 220211.  Therefore, because service on Defendant Robby Singh

1    complies with California law and the proof of service was filed, Defendant Robby Singh Basi was

2    properly served consistent with Fed. R. Civ. P. 4.

3         2.   Application of the Six *Eitel* Factors

4              a.   Potential Prejudice to Plaintiff

5         The Court first considers whether Plaintiff will suffer prejudice if a default judgment is

6    not entered.  When a defendant neglects to respond to a complaint, a plaintiff lacks means to

7    recover beyond a default judgment.  *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at

8    *3 (C.D. Cal. Feb. 11, 2009).  Here, Plaintiff claims he wishes to patronize the Defendants'

9    establishment, which is located less than 10 miles from his home, and he will continue to suffer

10   discrimination due to his disability without recourse against the Defendants.  The "[p]otential

11   prejudice to the plaintiff militates in favor of granting default judgment."  *Solis v. Orland Sand &*

12   *Gravel Corp.*, 2013 WL 85403, at *3 (E.D. Cal. Jan. 8, 2013).  The first *Eitel* factor therefore

13   weighs in favor of default judgment.

14             b.   The Underlying Claim's Merits and Sufficiency

15        The Court next weighs the merits and sufficiency of Plaintiff's Complaint.  Default

16   judgment will only be granted if the plaintiff's complaint states a claim that supports the desired

17   relief.  *Danning v. Lavine,* 572. F.2d 1386, 1388 (9th Cir. 1978); *Wells Fargo Equip. Fin., Inc. v.*

18   *Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021).  While well-plead "allegations in

19   the complaint are admitted by a defendant's failure to respond, 'necessary facts not contained in

20   the pleadings, and claims which are legally insufficient, are not established by default."  *Soto v.*

21   *Rio Gary II, L.P.*, 2022 WL 112047, *2 (C.D. Cal. Jan. 12, 2022) (citing *Cripps v. Life Ins. Co. of*

22   *N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

23        Plaintiff's Complaint alleges Defendants violated Title III of the ADA, which provides

24   that in public places of accommodation "[n]o individual shall be discriminated against on the

25   basis of disability."  42 U.S.C. § 12182(a).  To prevail on a Title III ADA claim, Plaintiff "must

26   establish that: (1) he is disabled within the meaning of the ADA; (2) [Defendants] are a private

27   entity that owns, leases, or operates a place of public accommodation; and (3) [Defendants]

28   discriminated against him by denying him public accommodations because of his disability."

1 | *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020).

2 |     The ADA defines disability as "[a] physical or mental impairment that substantially limits

3 | one or more major life activities ... [,] a record of such an impairment [,] or being regarded as

4 | having such an impairment." 42 U.S.C. § 12102(1).  Major life activities as defined by the ADA

5 | include walking and standing.  *Id.*, § 12102(2).  Plaintiff represents he is "physically disabled"

6 | and requires the use of a wheelchair or prosthetic.  (Doc. No. 1 at 2, ¶7).  Accepting the allegation

7 | as true, Plaintiff is deemed to have physical impairment that substantially limits the major activity

8 | of walking and standing and therefore is disabled within the meaning of the ADA.

9 |     Plaintiff states that he arrived at the Facility on or about June 18, 2021, with the intention

10 | of patronizing the business.  (*Id.* at 2-3, ¶10).  Plaintiff had difficulty identifying the designated

11 | accessible parking stall because it lacked the proper pavement markings and signate.  (*Id.* at 3,

12 | ¶10(a)).  However, inconsistently, Plaintiff states that "the designated accessible stall was

13 | occupied."  (*Id.* at 3, ¶10(a)).  The Court gives Plaintiff the benefit that he was able to eventually

14 | discern which was the accessible stall while acknowledging that the stall lacked proper signage.

15 | On his way from the parking stall to the Facility entrance, Plaintiff had difficulty traveling using

16 | his prosthetic because of the rough and uneven surface of the ramp, which also contained an

17 | "improperly configured built-up" causing "excessive slopes."  (*Id.* ¶10(b)).

18 |     Plaintiff claims he is disabled under the ADA and his depiction of the Facility is one of

19 | public accommodation.  Despite being a place of public accommodation, Plaintiff was unable to

20 | access the Facility's services due to architectural barriers.  Such barriers to access are

21 | "discrimination" under the ADA.  42 U.S.C. § 12182(b)(2)(A)(iv).  Because these facts are taken

22 | as true following Defendants' entry of default, Plaintiff has stated a *prima facie* Title III

23 | discrimination claim.

24 |     Plaintiff's Complaint is similarly sufficient under the other statutes also cited in his

25 | complaint.  Under California's Unruh Civil Rights Act, "disabled" people are "entitled to the full

26 | and equal accommodations, advantages, facilities, privileges, or services in all business

27 | establishments of every kind whatsoever."  Cal Civ. Code, § 51(b).  California Health and Safety

28 | Code § 19955 mandates that all public accommodations constructed in California comply with

1    the requirements of California Government Code § 4450, which states that all "sidewalks, curbs,

2    and related facilities … shall be accessible to and usable by persons with disabilities."  Cal. Gov.

3    Code, § 4450(a).  California Health and Safety Code § 19959 requires non-exempt public

4    accommodations constructed prior to July 1, 1970, which are later altered or structurally repaired,

5    to comply with the California Health and Safety Code.  Plaintiff's Complaint alleges he was

6    denied equal accommodation to Defendants' businesses despite California law requiring they be

7    accessible to him.  Plaintiff has therefore adequately stated a claim under these laws.

8    　　　　While Plaintiff's Complaint is largely boilerplate, his allegations are taken as true due to

9    Defendants' default.  Therefore, Plaintiff sufficiently pled his claims and demonstrated that they

10    have merit.  *Trujillo v. GH Food Mart, Inc*., 2020 WL 4697139, at *4 (E.D. Cal. Aug. 13, 2020).

11    Plaintiff's Complaint meets the low bar to put Defendants on notice by providing enough factual

12    details to determine how he was denied full and equal enjoyment of the Facility.  *See Whitaker v.*

13    *Tesla Motors, Inc.*, 985 F.3d 1173, at 1177 (9th Cir. 2021) (holding that a complaint cannot recite

14    legal conclusion and the elements of an ADA claim but must put a defendant on notice by

15    alleging sufficient factual details to determine how a plaintiff was denied full and equal

16    enjoyment of the premises); *see also Gilbert v. HBA Enter., Inc.*, 2022 WL 2663761 (E.D. Cal.

17    Jul. 8, 2022); *Trujillo*, 2022 WL 2236932.  As such, the second *Eitel* factor weighs in favor of

18    default judgment.

19    　　　　　　　　　c.    The Amount of Money at Stake

20    　　　　Plaintiff seeks statutory damages in the amount of $4,000.00, plus $4,074.22 in attorney's

21    fees and costs.  Default judgment is "is disfavored where large amounts of money are involved."

22    *Christofferson v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D.

23    Cal. June 16, 2020), report and recommendation adopted sub nom. *Christofferson, v. All Pure*

24    *Pool Serv. of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020).  Given the rather

25    modest sum and the attorney fees requested, the undersigned finds the third factor weighs in favor

26    of default judgment.

27    　　　　　　　　　d.    The Possibility of a Factual Dispute

28    　　　　The Clerk of Court's entry of default requires this Court to accept Plaintiff's well-pled

7

1   factual allegations as true.  Despite being properly served, Defendants have failed to appear,

2   answer, or otherwise respond.  Thus, the only facts before the Court are those presented by

3   Plaintiff in the Complaint, which are well-pled and must be accepted as true.  There is

4   accordingly no factual dispute.  *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at

5   *2 (E.D. Cal. Aug. 22, 2016).  Thus, the fourth *Eitel* factor does not preclude entry of a default

6   judgment.

7                    e.   Whether the Default Resulted from Excusable Neglect

8           Both Defendants were properly served yet neither have appeared over a year since service

9   was effectuated.  When service is proper it suggests there was not excusable neglect.  *USA Truck,*

10  *Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), report and

11  recommendation adopted, 2020 WL 3451580 (E.D. Cal. June 24, 2020).  The undersigned

12  therefore finds the fifth *Eitel* factor weighs in favor of default judgment.

13                   f.   The Court's Overriding Preference to Issue Decisions on the Merits

14          *Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably

15  possible." 782 F.2d at 1472.  Here, with no appearance from Defendants, there is no reasonable

16  possibility of deciding this matter on the merits.  Because this sixth and each of the above *Eitel*

17  factors overwhelmingly weigh in favor default judgment, the undersigned recommends the

18  district court grant Plaintiff's motion for default judgment.

19                   3.   Terms of the Judgment and Proof of Damages

20                        a.   Injunctive Relief

21          In addition to monetary damages, Plaintiff seeks injunctive relief requiring Defendants to

22  make several changes and alterations to their businesses.  (Doc. No. 12-1 at 4-5.)  For Title III

23  ADA violations "only injunctive relief is available."  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.

24  2002).  Injunctive relief "may be granted when architectural barriers at defendant's establishment

25  violate the ADA."  *Kraus v. Rattu*, 2020 WL 526105, at *5 (E.D. Cal. Feb. 3, 2020), report and

26  recommendation adopted, 2020 WL 1274269 (E.D. Cal. Mar. 17, 2020).

27          Plaintiff alleges the Facility was designed or constructed after after January 26, 1993.

28  (Doc. No. 1 at 5, ¶23).  Therefore, the 1991 ADA Standards for Accessible Design apply.

However, because any remedial work to the Facility will occur after March 15, 2012, Plaintiff explains the 2010 standards will govern any injunction.  (Doc. No. 12-1 at 4).  A plaintiff bears the initial burden to make to "plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances.  *Lopez*, 974 F.3d at 1038.  A plaintiff is not required to give precise cost estimates or give specific designs for the proposed accommodations.  *Id*.  Plaintiff states in his complaint that another vehicle was parked in the accessible parking stall, so it is difficult to discern the extent of Defendants' non-compliance with the ADA.  However, accepting Plaintiff's allegations as true due to Defendants' nonresponse, the undersigned finds Plaintiff is entitled to the injunctive relief requested.  Once again, in light of Defendant's nonresponse, Plaintiff's allegations are accepted as true and he has met his burden to establish how the cost of removing the architectural barriers at issue does not exceed the benefits under the circumstances.  The undersigned recommends default judgment in favor of Plaintiff because Defendants' business contains barriers in violation of the ADA.  The undersigned accordingly recommends injunctive relief whereby Defendants are required to remove those barriers and provide: (1) properly identifiable accessible parking stalls in accordance with 1991 ADAAG § 4.6.4 (*see also* 2010 Standards §§ 502.2, 502.3.3, and 502.6); and (2) an accessible route of travel from the designated accessible parking stall to the Facility entrance in accordance with 1991 ADAAG §§ 4.6.3 and 4.3.8 (*see also* 2010 Standards §§ 502.4 and 303).

b.  Statutory Damages

California's Unruh Act provides "that a plaintiff subjected to discrimination is entitled to recover $4,000 for each occasion on which the plaintiff was denied equal access."  *Pomponio v. Budwal*, 2020 WL 3497007, at *6 (E.D. Cal. June 29, 2020), report and recommendation adopted, WL 5764376 (E.D. Cal. Sept. 28, 2020); Cal. Civ. Code § 52(a).  Here, the Court recommends granting Plaintiff a default judgment on his Unruh Act claim.  Plaintiff alleges he was denied equal access when he visited the Facility on June 18, 2021.  Accordingly, the undersigned recommends Plaintiff be awarded $4,000 in statutory damages.

c.  Attorney's Fees and Costs of Litigation

Both the ADA and the California Health and Safety Code permit the recovery of

9

attorney's fees and costs upon receiving injunctive relief. 42 U.S.C. § 12205; California Civil Code § 54.3; *Pomponio*, 2020 WL 3497007 at *6. Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). When "calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not reasonably expended by counsel. *McDonald v. Navy Exch. Serv. Command*, 691 F. App'x 448, 449 (9th Cir. 2017) (internal quotations omitted).

Plaintiff's counsel seeks an award of $3,507.00 for total billable time spent by the Moore Law Firm, plus $566.72 for costs and litigation expenses. (Doc. No. 12-1 at 7.) The billable time encompasses: (1) $2,760.00 for 9.2 hours worked by attorney Tanya E. Moore at an hourly rate of $300; (2) $345.00 for 3.0 hours worked by paralegal Whitney Law at an hourly of $115; and (3) $402.50 for 3.5 hours worked by paralegal Isaac Medrano at an hourly rate of $115. (*Id*.).

i. Billable Time

Plaintiff's counsel provided the court with the time entries detailing the firm's efforts in this matter. (Doc. No. 15 at 2-4). Those entries do not indicate time was unreasonably expended. Further, the Court has recognized in December 2022 that a paralegal hourly rate of $115 was reasonable. *Trujillo v. 4B Market Incorporated, et al.*, 2022 WL 17667894 (E.D. Cal. Dec. 14, 2022); Findings and Recommendations adopted in full, 2022 WL 18027841 (E.D. Cal. Dec. 30, 2022). This Court additionally has previously determined in December 2020 that a $300 hourly rate was reasonable where the lead attorney has considerable experience in ADA matters. *Id*. Ms. Moore has been an attorney for over twenty years and over the last ten years of her practice focuses on "disability access litigation." (Doc. No. 12-2 at 2). Because both the time spent and rate requested are reasonable, the undersigned recommends Plaintiff's counsel be awarded $2,780.00 in attorney's fees.

ii. Litigation Expenses and Costs

Plaintiff moves to recover litigation expenses and costs of $566.72. (Doc. Nos. 12-1 at 7; 12-3 at 8-9, 11). Plaintiff has attached receipts for the filing fee, a pre-filing investigation and process server fees, which are recoverable under the ADA. *Trujillo v. La Valley Foods, Inc.*,

2017 WL 2992453, at *7 (E.D. Cal. July 14, 2017); *Moralez v. 76 Orinda*, 830 F. App'x 209, 210 (9th Cir. 2020); 42 U.S.C. § 12205.  The receipts include: (1) an invoice in the amount of $82.36 from One Legal Process for service on Defendant Robby Singh dated February 16, 2022 (Doc. No. 12-3 at 8); (2) an invoice in the amount of $82.36 from One Legal Process for the service on Paramjit Singh dated February 16, 2022 (Doc. No. 12-3 at 9); and (3) a receipt in the amount of $402.00 for this Court's filing fees dated September 30, 2021 (Doc. No. 12-3 at 11).  These receipts total $566.72.  Accordingly, the undersigned recommends that Plaintiff be awarded the sum of $566.72 for litigation expenses and costs.

Below is a summary of the total amount in attorney fees and costs the undersigned recommends be awarded to Plaintiff's counsel:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya E. Moore | $300.00 | 9.2 | $2,760.00 |
| Ms. Whitney Law | $115.00 | 3.0 | $345.00 |
| Mr. Isaac Medrano | $115.00 | 305 | $402.50 |
| Costs and Expenses | | | $566.72 |
| | | **Total** | $4,074.22 |

Accordingly, it is **ORDERED**:

Plaintiff **must** mail a copy of these findings and recommendations to Defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of this Order.

It is further **RECOMMENDED**:

1.  Plaintiff's Motion for Default Judgment (Doc. No. 12) be GRANTED as follows;

a.  Judgment be entered in Plaintiff's favor and against Defendants;

b.  Plaintiff be awarded statutory damages in the amount of $4,000;

c.  Plaintiff be awarded attorney's fees, litigation expenses and costs in the amount of $4,074.22.

2.  Defendants be required to (1) provide properly identifiable accessible parking stalls in accordance with 1991 ADAAG § 4.6.4 (*see also* 2010 Standards §§ 502.2, 502.3.3, and 502.6); and (2) provide an accessible route of travel from the designated accessible parking stall to the Facility entrance in accordance with 1991 ADAAG §§ 4.6.3 and 4.3.8 (*see also* 2010 Standards §§ 502.4 and 303 consistent with the requirements of the ADA; and

3.  The Clerk of Court terminate any pending motions, enter judgment accordingly, and close this case.

<u>NOTICE TO PARTIES</u>

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    January 12, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

12