1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DARREN GILBERT,                          Case No.  1:21-cv-01338-AWI-HBK

11              Plaintiff,                      ORDER TO SHOW CAUSE

12         v.

13    PARAMJIT SINGH, individually and
      doing business as Super Mac Food & Gas
14    #2 and ROBBY SINGH, individually and
      doing business as Super Mac Food & Gas
15    #2,

16              Defendants.

17

18         Plaintiff, Darren Gilbert, commenced this action by filing a complaint against Defendants

19    Paramjit Singh and Robby Singh, individually and doing business as Super Mac Food & Gas #2

20    (collectively referred to as "Defendants") alleging violations of Title III of the American

21    Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California Unruh Act,

22    California Civil Code § 51 *et seq*.; and California Health and Safety Code §§ 19955, 19959.

23    (Doc. No. 1).  Plaintiff sought an award of statutory damages, costs of suit, attorney's fees,

24    litigation expenses, injunctive or preventative relief, and interest at the legal rate from the date of

25    filing the complaint.  (*Id*. at 8).  The matter was referred to a United States Magistrate Judge

26    pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

27         On April 22, 2022, Plaintiff filed a motion for default judgment and on January 13, 2023,

28    the Magistrate Judge filed a Findings and Recommendations recommending that Plaintiff's

1   motion for default judgment be granted and contained a fourteen (14) day deadline to file

2   objections. (Doc. Nos. 12, 16).  The January 13, 2023 Findings and Recommendations were

3   served on Plaintiff and instructed Plaintiff to mail a copy of the findings and recommendations to

4   Defendants at their last known address and file with the court proof of service within fourteen

5   business days.  (*Id*. at 11).  On January 13, 2023, Plaintiff filed a certificate to demonstrate

6   compliance with the Court's January 13, 2023 Order.  (Doc. No. 17).  Defendants have not filed

7   any objections to the January 13, 2023 Findings and Recommendations and the time to do so has

8   expired.

9        As noted above, Plaintiff is seeking to recover under the California Unruh Act for

10   disability related discrimination.  Recently, the Ninth Circuit has upheld a district court's

11   invocation of 28 U.S.C. § 1367(c)(4) to decline to exercise supplemental jurisdiction over

12   accessibility related Unruh Act claims.  See Vo v. Choi, 49 F.4t h 1167, 1174 (9th Cir. 2022).

13   Specifically, the additional filing and heightened pleading requirements that California has

14   imposed on high frequency litigators of accessibility related Unruh Act claims justified the

15   declination of supplemental jurisdiction.[1]  See id. at 1172-74; see also Arroyo v. Rosas, 19 F.4th

16   1202, 1207, 1211-14 (describing the pleading and filing requirements for high frequency

17   litigators of construction-related accessibility claims and finding that the policy considerations

18   embodied by these requirements were "exceptional circumstances" for purposes of 28 U.S.C. §

19   1367(c)(4)).  In light of *Vo*, the Court finds that it is appropriate for Plaintiff to show cause in

20   writing why this Court should continue to exercise supplemental jurisdiction over his Unruh Act

21   claim.

22        With respect to Plaintiff's California Health & Safety Code claims, the Court notes that

23   *Vo* dealt only with Unruh Act claims.  However, California's heightened pleading and filing

24   requirements are not limited to accessibility related Unruh Act claims.  See Arroyo, 19 F.4th at

25   1206 (explaining that California imposed heightened pleading requirements under "the Unruh Act

26

27   [1] The Court notes that Plaintiff in other cases has admitted that he is a "high frequency litigator" who would
otherwise be required to comply with the heightened filing and pleading requirements if he pursued an Unruh Act
claim in state court.  See Gilbert v. Bonfare Markets, Inc., 2023 U.S. Dist. LEXIS 20861, *5-*6 (E.D. Cal. Feb. 7,
28   2023).

*and related statutes . . . .*" (emphasis added)); Cal. Code Civ. P. 425.50(a); Cal. Civ. Code § 55.52(a).  The heightened pleading requirements apply to "construction-related accessibility claims."  Cal. Code Civ. P. § 425.50(a).  A "construction-related accessibility claim" is defined through incorporation of Cal. Civ. Code § 55.52.  See Cal. Code Civ. P. § 425.50(a).  Section 55.52 defines a "construction-related accessibility claim" as "any civil claim in a civil action with respect to a place of public accommodation, including, *but not limited to*, a claim brought under [Civil Code §§] 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard as defined in paragraph (6)."  Cal. Civ. Code § 55.52(a)(1) (emphasis added).  In turn, a "construction-related accessibility standard" means "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to people with disability, including, but not limited to, any provision, standard, or regulation set forth in [Civil Code §] 51 . . . [Cal. Health & Safety Code §] 19955.5 . . . the federal [ADA] . . . ."  Cal. Civ. Code § 55.52(a)(6).

Cal. Health & Safety Code § 19955 is meant to insure that public accommodations and facilities adhere to the accessibility standards of Cal. Gov. Code § 4450, see Cal. Health & Safety Code § 19955(a), and Cal. Gov. Code § 4450 ensures that governmental structures and facilities "shall be accessible to and usable by persons with disabilities."  Cal. Gov. Code § 4450(a).  Similarly, Cal. Health & Safety Code § 19959 makes the requirements associated with § 19955 applicable to structural repairs or alterations performed on certain public accommodations constructed before July 1, 1970.  See Cal. Health & Safety Code § 19959.  Thus, the accessibility standards found in Gov. Code § 4450(a) will apply to some public accommodations constructed before July 1, 1970, if the public accommodation performs certain repairs or alterations.  See Cal. Health & Safety Code §§ 19955(a), 19959.

Because § 19955 and § 19959 are meant to ensure that certain facilities are accessible to those with disabilities, see Cal. Health & Safety Code §§ 19955(a), 19959, and because the standard of Health & Safety Code § 19955.5 is expressly identified as a "construction-related accessibility standard" that may form the basis of a "construction-related accessibility claim," see Cal. Code Civ. P. § 425.50(a)(1), (6), the Court concludes that the Plaintiffs' claims under Cal.

3

Health & Safety Code §§ 19955 and 19959 are "construction-related accessibility claims" that are subject to the same pleading and filing requirements as Plaintiff's Unruh Act claim. Therefore, the Court will also order Plaintiff to show cause why the Court should exercise supplemental jurisdiction over Plaintiff's Health and Safety Code claims. See Vo, 49 F.4th at 1172-74; Arroyo, 19 F.4th at 1211-14.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of services of this order, Plaintiff shall show cause in writing why this Court should continue to exercise supplemental jurisdiction over his state law claims in light of *Vo* and *Arroyo*;

2. The failure to timely file a response to this order to show cause will be deemed a non-opposition to the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims;

3. Following resolution of this order to show cause, the Court will make appropriate rulings with respect to Plaintiff's motion for default judgment and the related pending Findings and Recommendations; and

4. Plaintiff's motion for default judgment and the related Findings and Recommendations remain pending.

IT IS SO ORDERED.

Dated:   February 27, 2023    _____
                                          SENIOR  DISTRICT  JUDGE