UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>                Plaintiff,<br><br>        v.<br><br>PARAMJIT SINGH, individually and doing business as Super Mac Food & Gas #2 and ROBBY SINGH, individually and doing business as Super Mac Food & Gas #2,<br><br>                Defendants. | Case No.  1:21-cv-01338-AWI-HBK<br><br>ORDER ON FINDINGS AND RECOMMENDATION AND ORDER REGARDING ORDER TO SHOW CAUSE<br><br>(Doc. Nos. 12, 16, 18) |

Plaintiff, Darren Gilbert, commenced this action by filing a complaint against Defendants Paramjit Singh and Robby Singh, individually and doing business as Super Mac Food & Gas #2 (collectively referred to as "Defendants") alleging violations of Title III of the American Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California Unruh Act, California Civil Code § 51 *et seq*. ("Unruh Act"); and California Health and Safety Code §§ 19955, 19959.  Plaintiff sought an award of statutory damages, costs of suit, attorney's fees, litigation expenses, injunctive or preventative relief, and interest at the legal rate from the date of filing the complaint.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2022, Plaintiff filed a motion for default judgment and on January 13, 2023, the Magistrate Judge filed a Findings and Recommendations recommending that Plaintiff's

motion for default judgment be granted and contained a fourteen (14) day deadline to file objections. (Doc. Nos. 12, 16). The January 13, 2023 Findings and Recommendations were served on Plaintiff and instructed Plaintiff to mail a copy of the findings and recommendations to Defendants at their last known address and file with the court proof of service within fourteen business days. (*Id*. at 11). On January 13, 2023, Plaintiff filed a certificate demonstrating compliance with the Court's January 13, 2023 Order. (Doc. No. 17). Defendants have not filed any objections to the January 13, 2023 Findings and Recommendations and the time to do so has expired.

On February 27, 2023, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims through 28 U.S.C. § 1367(c)(4) and the reasoning of *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022). See Doc. No. 18. The order to show cause held the Findings and Recommendation in abeyance. See id.

On March 10, 2023, Plaintiff filed a response to the order to show cause. See Doc. No. 19.

*Order to Show Cause*

After consideration, the Court will decline to invoke 28 U.S.C. § 1367(c)(4) in light of the procedural posture of this case. To be sure, the procedural requirements for high frequency litigators of construction accessibility claims, and the public policy behind those procedural requirements, are important very important in terms of fairness and comity. So much so that those considerations constitute "exceptional circumstances" for purposes of § 1367(c)(4). Vo, 49 F.4th at 1272. However, in light of the procedural stage of this case, considerations of judicial economy and fairness weigh in favor retaining jurisdiction. See Arroyo v. Rosas, 19 F.4th 1202, 1214-15 (9th Cir. 2021). A motion for default judgment is pending and, importantly, a finding and recommendation has issued that recommends granting Plaintiff relief under the ADA and the Unruh Act. See Doc. Nos. 12, 16. There is no indication that Defendants are going to appear in this matter since they have not done so in any way to date. Moreover, the Court detects no error in the Findings and Recommendation, which means that the Court will adopt the Finding and Recommendation. Even if the Court adopted the Findings and Recommendation with respect to

the ADA only, that resolution also automatically resolves Unruh Act liability.  See Arroyo, 19 F.4th at 1215.  Given the pendency of the Findings and Recommendation and the absence of any response from defendants, making Plaintiff refile in state court would be a waste of time and resources.  See id.  Therefore, the Court will retain supplemental jurisdiction and discharge the order to show cause.

*Findings & Recommendation*

The Findings and Recommendation concluded that Plaintiff's motion for default judgment should be granted and that Plaintiff be awarded injunctive relief, attorneys' fees, and costs under the ADA and statutory damages under the Unruh Act.  See Doc. No. 16.  Again, Defendants did not object to the Findings and Recommendation and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds that the Findings and Recommendation are supported by the record and by proper analysis.  Therefore, the Court will adopt the Findings and Recommendation in full.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The February 27, 2023 order to show cause (Doc. No. 18) is DISCHARGED;
2. The January 13, 2013 Findings and Recommendation (Doc. No. 16) is ADOPTED;
3. Plaintiff's motion for default judgment (Doc. No. 12) is GRANTED;
4. Plaintiff is awarded $4,000 in statutory damages under the Unruh Act;
5. Plaintiff is awarded $4,074.22 in attorneys' fees, costs, and expenses; and
6. Plaintiff is awarded injunctive relief in that Defendants shall make the property known as Super Mac Food & Gas, located at 150 N. Riverside Dr., Modesto, CA compliant with the requirements of the Americans with Disabilities Act as follows:
   a. provide properly identifiable accessible parking stalls in accordance with 1991 ADAAG § 4.6.4; and
   b. provide an accessible route of travel from the designated accessible parking stall to

the property's entrance in accordance with 1991 ADAAG § 4.6.3 and 1991 ADAAG § 4.3.8.

IT IS SO ORDERED.

Dated: March 31, 2023 /s/
 SENIOR DISTRICT JUDGE